IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CHARLES AARON BROOKS,

        Plaintiff,

v.                                        Civil Action No. 5:06CV64
                                                               (STAMP)
AL HAYNES, LT. GRUNDY, D. RAUDBAUGH,
MR. BENTON, MR. BETLER, LT. GONZALEZ,
MR. MILTON, J.L. SHAW, DON GIL, V. PURI,
MR. BOIL, DR. TENANT, DR. HAMMOND, DR.
WARN, M DOLE, HUMPHREY, D. MURPHY,
LT. AMMONS, MR. BOYLES, ROBERT STOCK,
J. ROBINSON and JOHN DOE 1 AND 2,

        Defendants.


                  **MEMORANDUM OPINION AND ORDER**
                  **AFFIRMING AND ADOPTING REPORT AND**
                  **RECOMMENDATION OF MAGISTRATE JUDGE**

                     I.  Procedural History

    The pro se[1] plaintiff, Charles Aaron Brooks, commenced this civil action by filing a complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), in which he alleges that the defendants have violated several of his constitutional rights. Additionally, the plaintiff filed a motion for preliminary injunction seeking an order directing the defendants to stop retaliating against him because of a civil action he filed against Lompoc Federal Correctional Complex ("Lompoc") prison officials in the United States District Court for the Central District of California.

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 and 28 U.S.C. §§ 1915(e) and 1915A. Because of the serious nature of the plaintiff's allegations, the magistrate judge directed the defendants to file an expedited response to an order to show cause. The defendants filed an expedited response to which the plaintiff did not reply. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed without prejudice and his request for a protective order be denied.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. <u>Facts</u>

This Court believes that a full recitation of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section I of Magistrate Judge Kaull's report and recommendation. An abbreviated review of the relevant facts follows below.

In his complaint, the plaintiff alleges that prison officials at the United States Penitentiary-Hazelton ("Hazelton officials") beat, neglected, sexually assaulted, and refused medical care to the plaintiff after discovering that the plaintiff filed a civil action against other prison officials in the United States District Court for the Central District of California. Additionally, the plaintiff contends that Hazelton officials used excessive force on him, denied him both stamps and telephone calls, and made terroristic threats against him. For all of these reasons, the plaintiff seeks a protective order against the defendants.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

IV. <u>Discussion</u>

A. <u>Defendants Haynes, Grundy, Raudbaugh, Benton, Betler, Gonzalez, Milton, Shaw, Gil, Puri, Murphy and Stock</u>

The magistrate judge recommended that the claims against defendants Haynes, Grundy, Raudbaugh, Benton, Betler, Gonzalez, Milton, Shaw, Gil, Puri, Murphy and Stock be dismissed without prejudice because the plaintiff failed to exhaust administrative remedies. In his objections to the report and recommendation, the petitioner contends that the Court never ordered the petitioner to send copies of proof that he exhausted his administrative remedies, and that due to the lack of stamps, he cannot send the Court volumes of documents to support each claim. Nevertheless, the petitioner claims that he did exhaust all administrative remedies before filing the civil action.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case <u>sua sponte</u>. <u>Anderson v. XYZ Correctional Health Servs., Inc.</u>, 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to <u>Bivens</u> are subject to

administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The Bureau of Prisons' ("BOP") formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, according to the declaration of Alecia D. Sankey, Paralegal Specialist and the Administrative Remedy Clerk at the Mid-Atlantic Regional Office of the BOP, who had access to the plaintiff's administrative remedy records, certified to this Court that the plaintiff filed numerous administrative grievances during his incarceration. Only two of those administrative remedies, however, pertain to the plaintiff's case now before this Court. The plaintiff's first remedy, filed on September 8, 2005, claimed that the plaintiff was denied medical treatment. The plaintiff did not appeal the warden's decision to either the Regional Office or the Central Office. On May 2, 2006, the plaintiff filed his second remedy, claiming that staff members beat him with a shield. At the time this civil action and subsequent declaration were filed, however, the plaintiff's appeal of the warden's decision was only pending and not yet fully exhausted. See Porter, 534 U.S. at 524 (recognizing that all available administrative remedies must be exhausted prior to filing a complaint in federal court).

Furthermore, as the magistrate judge noted in his report and recommendation, a thorough review of the documents provided by Ms. Sankey illustrate that the plaintiff also filed remedies with regard to an alleged sexual assault and his placement on two-hour watch. The plaintiff did not pursue his remedies past the regional level on his claims for sexual assault, and not past the institutional level on his complaint about being placed on two-hour

watch.  Therefore, again, the plaintiff has failed to fully exhaust his administrative remedies in regard to these claims.

In his objections to the magistrate judge's report and recommendation, the plaintiff asserts that he did exhaust his administrative remedies.  The plaintiff's objections, however, constitute nothing more than general assertions unsupported by any evidence.

Based upon a <u>de novo</u> review, this Court finds that the plaintiff has not timely and properly exhausted his administrative remedies for the events giving rise to the plaintiff's <u>Bivens</u> claims.  Therefore, this Court finds that the plaintiff's <u>Bivens</u> claims against defendants Haynes, Grundy, Raudbaugh, Benton, Betler, Gonzalez, Milton, Shaw, Gil, Puri, Murphy and Stock must be dismissed for failure to exhaust administrative remedies.

B.  <u>Defendants Boil, Humphrey, Ammons, Boyles, Robinson and John Does 1 and 2</u>

The magistrate judge, in his report and recommendation, recommended that defendants Humphrey, Ammons, Boyles, Robinson and John Does 1 and 2 should be dismissed from this case because the plaintiff fails to state a claim for which relief can be granted against these defendants.  In his objections, the plaintiff cites to the oft-quoted holding in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can

7

prove no set of facts in support of his claim which would entitle him to relief."

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."[2]  "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant."  Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).  This is especially true in a Bivens action where liability is personal.  Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

The magistrate judge found that the plaintiff does not allege any specific constitutional violations by defendants Boil, Humphrey, Ammons, Boyles, Robinson and John Does 1 and 2.  Thus, the magistrate judge recommended that these defendants be dismissed from this case because of the plaintiff's failure to state a claim for which relief can be granted.  See Weller v. Dep't of Social

---

[2]After Magistrate Judge Kaull issued his report and recommendation, the Federal Rules of Civil Procedure were amended in 2007.  This memorandum opinion and order cites the 2007 amended version of Rule 8(a) of the Federal Rules of Civil Procedure.  Nevertheless, as noted by the advisory committee notes concerning the 2007 amendment, "[t]he language of Rule 8 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only."

Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

After a de novo review, this Court agrees with the decision by the magistrate judge in his report and recommendation. A thorough review of the plaintiff's complaint reveals that the plaintiff fails to make specific allegations against defendants Boil, Humphrey, Ammons, Boyles, Robinson, and John Does 1 and 2. Accordingly, the plaintiff's claim against these defendants must be dismissed for the plaintiff's failure to include a short and plain statement of the claim showing that he is entitled to relief against these defendants, as required by Rule 8(a) of the Federal Rules of Civil Procedure.

C.  Defendants Tenant, Hammond and Warn

In his report and recommendation, the magistrate judge recommended that defendants Tenant, Hammond and Warn should be dismissed without prejudice from this case because the plaintiff failed to establish that these defendants were involved in a violation of the plaintiff's constitutional rights. This Court agrees with the conclusion of the magistrate judge that the plaintiff has failed to allege sufficient personal involvement to sustain claims for damages against defendants Tenant, Hammond and Warn in their personal capacities.

A plaintiff may file suit pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for damages arising from a violation of the plaintiff's constitutional

rights by persons acting under the color of federal law.  However, to be successful in a <u>Bivens</u> action, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights.  See <u>Mueller v. Gallina</u>, 137 F. App'x 847, 850 (6th Cir. 2005).  Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown.  See <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986).  As previously noted, this is particularly true in a <u>Bivens</u> action where "liability is personal, based upon the defendant's own constitutional violations."  <u>Trulock</u>, 275 F.3d at 402.

In this case, the plaintiff has failed to allege any personal involvement on the part of defendants Tenant, Hammond and Warn. Rather, the plaintiff's only claim against these defendants is that they were responsible for the wrongful death of <u>another</u> inmate. Accordingly, because the plaintiff does not make any allegations that these defendants violated <u>his personal</u> constitutional rights, the plaintiff's claims against defendants Tenant, Hammond and Warn must be dismissed.

D.  <u>Plaintiff's Motion for Injunctive Relief</u>

On August 16, 2006, the plaintiff filed a motion styled "Injunctional Relief" in which he requests that this Court issue a preliminary injunction directing the defendants to stop retaliating against him because of a suit he filed in California against officials at the Lompoc facility.  Magistrate Judge Kaull recommended that this motion be denied because the plaintiff's

claims are speculative, any injunctive relief is outweighed by the harm to the safety and security of the institution, the claims are not exhausted, and even if exhausted, not credible and/or refuted by the record.

This Court affirms and adopts the report and recommendation of the magistrate judge that the plaintiff's motion for a preliminary injunction be denied because the motion is now moot. Since the magistrate judge ruled on the preliminary injunction motion, the plaintiff has been transferred from USP-Hazelton to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. A federal court has no authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). For instance, a claim becomes moot when "the claimant receives the relief he or she sought to obtain through the claim." Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

Here, the plaintiff has been transferred and no longer requires a preliminary injunction directing the Hazelton officials to stop their alleged retaliation. Accordingly, the plaintiff's

motion for injunctional relief is denied as moot. See e.g. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that transfer made moot claim for injunctive relief).

## V. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety, with the exception that the plaintiff's motion for injunctive relief in the form of a protective order is DENIED AS MOOT. Accordingly, the plaintiff's complaint is DENIED WITHOUT PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 16, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE